IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BRIDGETTE PAULINE MATTOX, ) | CIVIL ACTION NO. 9:18-2492-TMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a)(D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) on July 31, 2016 (protective filing date), alleging disability beginning April 27, 2016 due to bipolar-manic disorder, depression, post-traumatic stress disorder, osteoarthritis, connective tissue disorder, diabetes, sinusitis, chronic inflammation, fibromyalgia, Graves disease, autoimmune disorders, thyroidism, and irritable bowel syndrome. (R.pp. 25, 195-201, 213). Plaintiff's claims were denied both initially and upon reconsideration. A hearing was then held before an Administrative Law Judge (ALJ) on January 25, 2018 (R.pp. 25, 46-72), following which the ALJ denied Plaintiff's claims in a decision dated March 13, 2018. (R.pp. 25-38). The Appeals Council denied Plaintiff's request for a review of the ALJ's



decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 5-7).

Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded to the Commissioner for payment of benefits, or for further consideration of her claims. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Plaintiff was properly found not to be disabled.

## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 98 2-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)); see also Hepp v. Astrue, 511 F.3d 798, 806 (8th Cir. 2008)[Nothing that the substantial evidence standard is even "less demanding than the preponderance of the evidence standard"].



2

The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

### Discussion

Plaintiff, who was thirty-nine (39) years old on her alleged disability onset date, has a college degree and past relevant work experience as a cosmetic supervisor, a container coordinator (port position), and contract administrator (chemical sales). (R.pp. 52-55, 66, 195). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience, and functional capacity, and which has lasted or could reasonably be expected to last for a continuous period of not less than twelve (12) months.

After a review of the evidence and testimony in the case the ALJ determined that, although Plaintiff does suffer from the "severe" impairments[1] of bipolar disorder, anxiety disorder, type I diabetes mellitus, osteoarthritis of the left shoulder, inflammatory polyarthropathy, and a tremor (R.p. 27), she nevertheless retained the residual functional capacity (RFC) for light work,[2] with

---

[1] An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See Bowen v. Yuckert, 482 U.S. 137, 140–142 (1987).

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting
(continued...)


additional limitations that she can never climb ladders, ropes, or scaffolds; only occasionally climb ramps and stairs, kneel, crouch, and crawl; can frequently balance and stoop; and must avoid exposure to cold, vibration, and hazards. The ALJ additionally found that Plaintiff could perform and sustain simple, routine tasks with occasional superficial contact with co-workers and the general public, and occasional changes in the work setting. (R.p. 30). At step four, the ALJ found that Plaintiff was unable to perform her past relevant work with these limitations. (R.p. 36). However, the ALJ obtained testimony from a vocational expert (VE) and found at step five that Plaintiff could perform other representative occupations with these limitations, such as hand packager (DOT # 559.687-074), bander (pens/pencils) (DOT # 733.687-018), and hand bander (paper) (DOT # 920.687-026), and was therefore not entitled to disability benefits. (R.pp. 37-38).

Plaintiff asserts that the ALJ erred in reaching her decision because she failed to explain her findings regarding Plaintiff's residual functional capacity as required by Social Security Ruling 96-8p; did not account for Plaintiff's moderate difficulties in concentration, persistence, and pace; failed to account for her severe impairments of osteoarthritis of the left shoulder and a tremor; failed to account for Plaintiff's fatigue; failed to properly access the medical opinions of Dr. Patrick McArthur, Dr. Jonathon Simons, and Ms. Marcia Lite-Braus, LPC; and failed to adequately consider Listing 12.04.[3] After careful review and consideration of the arguments presented, and for the reasons set forth hereinbelow, the undersigned is constrained to agree with Plaintiff that the ALJ committed

---

[2](...continued)
most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

[3]In the Listings of Impairments, "[e]ach impairment is defined in terms of several specific medial signs, symptoms, or laboratory test results." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). A claimant is presumed to be disabled if their impairment meets the criteria of an impairment set forth in the Listings. See 20 C.F.R. §§ 416.925, 416.926 (2003).



4

reversible error by failing to properly evaluate Plaintiff's RFC because she failed to properly account for Plaintiff's limitations in her ability to maintain concentration, persistence, and pace in compliance with the Fourth Circuit's decision in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), thereby requiring a reversal with remand of this case.

RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 404.1545(a)(1). In SSR 96-8p, RFC is defined as a function-by-function assessment of an individual's physical and mental capacities to do sustained, work-related physical and mental activities in a work setting on a regular and continuing basis of eight hours per day, five days per week, or the equivalent. SSR 96-8p, 1996 WL 374184. Here, the ALJ found that Plaintiff was moderately limited in her ability to maintain concentration, persistence or pace (R.p. 29), but then failed to properly account for this limitation in her RFC findings as required by SSR 96-8p. The Commissioner contends that the ALJ did fully address Plaintiff's moderate concentration, persistence, or pace limitation by restricting Plaintiff to simple, repetitive tasks in a setting that does not require ongoing interaction with the public. See Defendant's Brief, at pp. 9-10. Specifically, at Step Three of the sequential evaluation process, the ALJ wrote that:

> . . . I find the [Plaintiff's] mental condition has resulted in moderate limitations in the ability to understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself.

(R.p. 29). Thereafter, in her RFC determination, the ALJ found that Plaintiff had the RFC to "perform and sustain simple, routine tasks with occasional superficial contact with co-workers and the general public, and occasional changes in the work setting. (R.p. 30).

However, that finding is not sufficient to address Plaintiff's limitation in CPP under Mascio, as the Fourth Circuit held in Mascio that "an ALJ does not account 'for a claimant's



5

[moderate] limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" Mascio, 780 F.3d at 638, quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011). Rather, that restriction only addresses the complexity of the work, not Plaintiff's ability to stay on task as required by Mascio. See Mascio, 780 F.3d at 638; Salmon v. Colvin, No. 12-1209, 2015 WL 1526020, at *3 (M.D.N.C. Apr. 2, 2015) [noting that "the Fourth Circuit made clear that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine, tasks or unskilled work."] (citations and quotations omitted); see also Sanders v. Berryhill, No. 16-3883, 2018 WL 878964, at *10 n. 10 (D.S.C. Jan. 29, 2018)[Finding ALJ's hypothetical to VE that only limited the claimant to simple and routine tasks in low stress environment did not adequately account for claimant's moderate CPP limitations], report and recommendation adopted, No. 16-3883, 2018 WL 835228 (D.S.C. Feb. 13, 2018); Dill v. Berryhill, No. 16-3949, 2018 WL 840103, at *2 (D.S.C. Jan. 26, 2018)[Limitation to simple, routine and repetitive tasks performed in a work environment free of fast-paced production requirements involving only simple work-related decisions with few if any workplace changes did not adequately account for claimant's moderate CPP limitation], report and recommendation adopted, No. 16-3949, 2018 WL 826854 (D.S.C. Feb. 12, 2018).

In Mascio the Fourth Circuit held that the ability to perform simple work is not the same as having the ability to *stay on task* during a workday, which is the limitation that would account for a claimant's impairment in concentration, persistence or pace. Mascio, 780 F.3d 638. Here, however, the ALJ did not specifically address Plaintiff's ability to stay "on task" in her decision. Plaintiff's treating psychiatrist, Dr. McArthur, opined that Plaintiff had marked deficiencies



6

in concentration, persistence, and pace. (R.pp. 1019-1022). However, the ALJ accorded little weight to his opinion finding it inconsistent with the weight of the medical evidence, (R.p. 35). The ALJ also gave little weight to Dr. Edwin Smith's opinion that Plaintiff could only work one hour in a day. (R.pp. 35, 987). The ALJ then gave little weight to Dr. Simons' opinion that Plaintiff is unable to maintain attention, concentration, persistence, and pace in any work setting, concluding that such a restrictive finding was inconsistent with Plaintiff's overall improvement with medical care, her daily living activities, and the limited findings upon routine examination as set forth in her opinion. (R.pp. 36, 826-828). In addition, the ALJ gave limited weight to the opinion of LPC Lite-Braus, who opined Plaintiff was limited in her understanding and memory, sustained concentration and persistence, was easily distracted, had trouble concentrating and staying on track. (R.pp. 36, 410-418). However, while discounting these opinions, the ALJ nonetheless still made the finding that Plaintiff was moderately limited in the area of concentration, persistence, and pace. (R.pp. 30-31). Based on that finding, the ALJ was required to account for those deficiencies in her RFC. (R.pp. 29-31). She failed to do so. Instead, the ALJ simply stated that "[d]ue to her bipolar condition and anxiety, the [Plaintiff] can perform and sustain simple, routine tasks with occasional superficial contact with co-workers and the general public and occasional changes in the workplace." (R.p. 34).

That finding does not adequately address Plaintiff's ability to stay "on task" or how long Plaintiff could stay "on task" during the workday in light of her moderate ability to maintain CPP. Cf. Wyatt v. Berryhill, No. 17-1988-TMC, 2019 WL 1416878, 1t 2-3 (D.S.C. March, 2019). The importance of the ALJ to have made a finding on this issue is demonstrated not just by the 4th Circuit's holding in Mascio, but by the VE's testimony in this case. The VE testified that if Plaintiff suffered from deficiencies of concentration and persistence in pace such that she would frequently



7

fail to complete tasks on the job in a timely manner, that all jobs in competitive industry would be eliminated. (R.p. 68). The VE also testified that, if due to her psychologically based symptom she could not perform in a consistent pace without an unreasonable number of rest periods, then she would also be unable to perform any jobs. (R.p. 69). See Cornett v. Califano, 590 F.2d 91 (4th Cir. 1978)[An ability to work for only a few hours a day on an intermittent basis is not equivalent to an ability to engage in substantial gainful activity]. The ALJ needed to address how, or whether, Plaintiff's moderate limitation in CPP would affect her RFC in these areas.[4] Mascio, 780 F.3d at 636 ["Remand may be appropriate ... where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."], citing Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). Although the ALJ did further limit Plaintiff's RFC to no more than occasional superficial contact with co-workers and the general public and only occasion changes in the work setting, those limitations deal largely with workplace adaptation, not concentration, pace, or persistence. See McPherson v. Colvin, No. 16-1469, 2016 WL 5404471 at * 8 (E.D.Pa. Sept. 28, 2016)[where the court rejected that moderate restrictions in concentration, persistence, and pace were accommodated by a hypothetical to a VE that only included: 1) the performance of routine, repetitive tasks; 2) a low stress environment (defined as no frequent independent decision making required and no frequent changes in the work setting); and 3) no public interaction and occasional interaction with coworkers and supervisors](citing to Varga v. Colvin, 794 F.3d 809, 815 (7th Cir. 2015)); Knight v.

---

[4]For example, in establishing Plaintiff's RFC, the ALJ noted that Plaintiff was able to maintain sufficient concentration to drive short distances, care for her cat, cook simple meals, and shop. (R.p. 31). However, the ALJ does not explain how Plaintiff having such short-term abilities would support a finding that Plaintiff would be able to stay on task at a job for a full 8 hour workday.



8

Commissioner, No. 15-1512, 2016 WL 4926072 (D.S.C. Sept. 16, 2016)[Finding that the ALJ's limiting the hypothetical to "unskilled work with no direct interaction with the public; only occasional team type interaction with coworkers; [who] should not be required to adapt to greater than simple, gradual changes in the workplace" did not account for the Plaintiff's moderate limitation in concentration, persistence, or pace].

Of course, the ALJ may be able to properly find from the evidence that Plaintiff's CPP limitation would not effect her ability to maintain and stay on task for a full 8-hour workday or to perform the jobs listed. However, it is incumbent on *the ALJ* to do so, and since the ALJ did not make a proper determination or finding on this issue in her decision, it would not be proper for this Court to now do so in the first instance. See Mascio, 780 F.3d at 638 [noting that the ALJ may be able to explain why a concentration, persistence, or pace limitation did not translate into a limitation in the RFC ("[f]or example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the [VE]"), but finding that remand was appropriate because the ALJ gave no explanation]; Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) [Court cannot affirm a decision on a ground that the ALJ did not himself invoke in making the decision]; Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1225 (9th Cir. 2009) ["Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have thinking."]. Hence, as neither the ALJ's RFC assessment nor the ALJ's hypothetical question to the VE properly address Plaintiff's ability to stay on task for a full 8-hour workday in light of her moderate limitation in CPP, remand is required. See Miller v. Colvin, No.



9

15-443, 2016 WL 3679292 at **4-5 (W.D.N.C. July 11, 2016) [Finding remand required where "it is not entirely clear how the evidence aligns with the necessary functions, which is a required showing."] (citing Mascio, 780 F.3d at 636; SSR 96–8p, 1996 WL 374184, at *7); Perry v. Berryhill, No. 18-1076, 2019 WL 1092627 at * 2 (4th Cir. Mar. 8, 2019)[Finding that the ALJ had not made findings necessary bridge the evidence between plaintiff's moderation limitations in CPP and his RFC].

Therefore, the decision should be reversed and remanded for consideration of Plaintiff's RFC in compliance with Mascio. With respect to the remainder of Plaintiff's claims of error, the ALJ will be able to reconsider and re-evaluate the evidence in toto as part of the reconsideration of this claim. Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002)[On remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted *de novo*].

## Conclusion

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for reevaluation of the evidence as set forth hereinabove, and for such further administrative action as may be necessary. See Shalala v. Schaefer, 509 U.S. 292 (1993).



The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 28, 2019
Charleston, South Carolina

11



**Notice of Right to File Objections to Report and Recommendation**

  The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

  Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

  **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).